IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL WALDE,

    Plaintiff,

v().                                      CASE NO. 1:25cv259-RH-MJF

SHARON KERI,

    Defendant.

_____/

**ORDER OF DISMISSAL**

This case is before the court on the magistrate judge's report and recommendation, ECF No. 5, and the objections, ECF No. 6. I have reviewed de novo the issues raised by the objections.

The complaint asserts claims based on the defendant's alleged role in the suspension of the plaintiff's commercial driver's license and the garnishment of the plaintiff's wages. In a prior action, the plaintiff asserted claims against the same defendant based on the same license suspension and wage garnishment. The prior action was dismissed with prejudice for failure to state a claim on which relief could be granted—a dismissal on the merits. The report and recommendation correctly concludes that the claims in this new action are barred by the doctrine of

claim preclusion. This order adopts the report and recommendation as the court's opinion with two additional notes.

First, in the objections, the plaintiff asserts "Virginia Social Services," apparently a Virginia state agency, took action of some kind against him months after the dismissal of the prior action. The plaintiff asserts this somehow renders claim preclusion inapplicable. But the complaint in this action refers to Virginia Social Services not at all, and anything Virginia Social Services did after the suspension and garnishment could not have affected the suspension and garnishment, the plaintiff's claims based on the suspension and garnishment, or the applicability of claim preclusion to this action.

Second, the plaintiff still has not addressed the substantive deficiencies that led to the dismissal of the prior action. Nothing in the complaint is inconsistent with the unremarkable possibility that (a) a state court, after providing due process, ordered the plaintiff to pay child support in a specified amount, (b) a state court or agency determined, after providing due process, that the plaintiff failed to pay the required amount, (c) a valid state statute required suspension of the plaintiff's driver's license based on that determination, and (d) this defendant simply followed the state law by notifying the Department of Highway Safety and Motor Vehicles of the determination. If the facts were otherwise, the plaintiff could have

so alleged. He did not. As it turns out, this does not affect the outcome here, because the plaintiff's claims are barred by claim preclusion.

IT IS ORDERED:

The report and recommendation is accepted and adopted as the court's opinion. The clerk must enter judgment stating, "This case is dismissed with prejudice." The clerk must close the file.

SO ORDERED on October 21, 2025.

s/Robert L. Hinkle<br>
United States District Judge